UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELDEISHA McMILLIAN,

                        Plaintiff,                          Case No. 20-CV-01026 (MKV)

              -against-

MTA METRO-NORTH RAILROAD,

                        Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS THE COMPLAINT**

LITTLER MENDELSON, P.C.
Eric D. Witkin
Joseph E. Field
900 Third Avenue
New York, NY 10022
212-583-9600
Attorneys for Defendant
*MTA Metro-North Railroad*

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS .................................................. 3

ARGUMENT ..................................................................................................................... 4

I.     MOTION TO DISMISS STANDARD .................................................................... 4

II.    PLAINTIFF CANNOT ATTACK THE ADJUSTMENT BOARD AWARD
       THAT REVIEWED AND UPHELD HER TERMINATION ........................................ 5

       A.     The Court's Review Of The Award Is Extremely Limited .................................. 5

       B.     Plaintiff Cannot Satisfy The Arbitrary and Capricious Standard ......................... 8

III.   THIS ACTION IS BARRED BY COLLATERAL ESTOPPEL .................................... 10

IV.    PLAINTIFF'S THIRD CAUSE OF ACTION FOR "COLLATERAL
       ESTOPPEL" SHOULD BE DISMISSED .............................................................. 13

       A.     Plaintiff Cannot Assert a Cause of Action for Collateral Estoppel ................... 13

       B.     Plaintiff's Acquittal of the Criminal Charges Is Irrelevant to the Civil
              Disciplinary Proceedings ................................................................ 14

V.     THE DISCRIMINATION CLAIM BASED ON SEXUAL ORIENTATION
       SHOULD BE DISMISSED ................................................................................ 15

VI.    THE DISCRIMINATION CLAIM BASED ON GENDER/SEX SHOULD BE
       DISMISSED ................................................................................................... 18

VII.   CONCLUSION ................................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abreu v. N.Y.C. Dep't of Educ.*,
43 Misc. 3d 1215(A), 2014 N.Y. Misc. LEXIS 1808 (Sup. Ct. N.Y. County
Apr. 15, 2014) ................................................................................................................. 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................ 4

*Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*,
270 Fed. App'x 52 (2d Cir. 2008) ................................................................................ 13

*Austin v. Fischer*,
453 Fed. App'x 80 (2d Cir. 2011) ................................................................................ 13

*Beharry v. M.T.A. N.Y.C. Transit Auth.*,
1999 U.S. Dist. LEXIS 3157, 1999 WL 151671 (E.D.N.Y. Mar. 17, 1999) .............. 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................ 4

*Ben-Levy v. Bloomberg*,
518 Fed. App'x 17 (2d Cir. 2013) ................................................................................ 16

*Boonmalert v. City of New York*,
721 Fed. App'x 29 (2d Cir. 2018) ................................................................................ 15

*Calderon v. Conn. Dep't of Corr.*,
2006 U.S. Dist. LEXIS 81303 (D. Conn. Sept. 1, 2006) .............................................. 17

*Cayuga Indian Nation v. Seneca Cty.*,
260 F. Supp. 3d 290 (W.D.N.Y. 2017) ........................................................................ 13

*Cobb v. Atria Senior Living, Inc.*,
2018 U.S. Dist. LEXIS 13725 (D. Conn. Jan. 29, 2018) ............................................... 4

*Collins v. N.Y.C. Transit Auth.*,
305 F.3d 113 (2d Cir. 2002) .................................................................................... 11, 12

*Cooks v. N.Y.C. Transit Auth.*,
289 A.D.2d 278 (2d Dep't 2001) .................................................................................. 12

*CSX Transp., Inc. v. United Transp. Union*,
950 F.2d 872 (2d Cir. 1991) ........................................................................................... 6

# TABLE OF AUTHORITIES
### (CONTINUED)

Page(s)

*Davis v. Peake*,
  2012 U.S. App. LEXIS 25448 (2d Cir. Dec. 13, 2012) ........................................18

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) ...........................................................................4

*DiGeronimo v. Payne*,
  2002 U.S. Dist. LEXIS 10123 (S.D.N.Y. June 6, 2002) ....................................14

*Doe v. United States Merch. Marine Academy*,
  307 F. Supp. 3d 121 (E.D.N.Y. 2018) ..............................................................9

*Dowling v. United States*,
  493 U.S. 342 (1989) ................................................................................14, 15

*Durden v. MTA*,
  2018 U.S. Dist. LEXIS 85039 (S.D.N.Y. May 18, 2018) ..................................17

*EEOC v. Bloomberg*,
  967 F. Supp. 2d 816 (S.D.N.Y. 2013) .............................................................15

*Grenion v. Farmers Ins. Exchange*,
  2013 U.S. Dist. LEXIS 97785 (E.D.N.Y. July 12, 2013) ..................................17

*Guggenheim Capital, LLC v. Birnbaum*,
  513 B.R. 788 (Bankr. E.D.N.Y. 2014) ............................................................13

*Gunther v. San Diego & Ariz. E. Ry. Co.*,
  382 U.S. 257 (1965) ......................................................................................5

*Halstead v. N.Y.C. Transit Auth.*,
  78 Fed. App'x 750 (2d Cir. 2003) ..............................................................11, 12

*Heelan v. Goord*,
  2006 WL 2335550 (N.D.N.Y. Aug 10, 2006) ..................................................12

*Idehen v. Teachers Coll. Columbia Univ.*,
  2014 N.Y. Misc. LEXIS 4962 (Sup. Ct. N.Y. Cty. Oct. 28, 2014), *aff'd*, 140
  A.D.3d 402 (1st Dep't 2016) .......................................................................17

*Ippolito v. TJC Dev., LLC*,
  83 A.D.3d 57 (2d Dep't 2011) .....................................................................12

*Jeunes v. Potter*,
  382 Fed. App'x 2 (2d Cir. 2010) ...................................................................18

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Lakah v. UBS, AG*,
   2014 U.S. Dist. LEXIS 154231 (S.D.N.Y. Oct. 30, 2014) .......................................13

*Lugo v. City of New York*,
   518 Fed. App'x 28 (2d Cir. 2013).........................................................................16

*Metro-North Commuter R.R. Co. v. N.Y. State Exec. Dep't Div. of Hum. Rts.*,
   271 A.D.2d 256 (1st Dep't 2000) .........................................................................11

*Moccio v. NY State Office of Court Admin.*,
   95 F.3d 195 (2d Cir. 1996).....................................................................................10

*Myron v. Consol. Rail Corp.*,
   752 F.2d 50 (2d Cir. 1985)........................................................................................6

*Nachum v. Ezagui*,
   83 A.D.3d 1017 (2d Dep't 2011) ...........................................................................12

*Ninying v. Fire Dep't*,
   2019 U.S. Dist. LEXIS 224811 (E.D.N.Y. Mar. 28, 2019)....................................18

*Offong v. N.Y.C. Dep't of Educ.*,
   2010 N.Y. Misc. LEXIS 2344 (Sup. Ct. N.Y. County June 7, 2010).......................9

*Ramirez v. NYP Holdings, Inc.*,
   2020 U.S. Dist. LEXIS 15076 (S.D.N.Y. Jan. 28, 2020) .......................................15

*Ruiz v. County of Rockland*,
   609 F.3d 486 (2d Cir. 2010).....................................................................................18

*Russell v. American Eagle Airlines, Inc.*,
   2008 U.S. Dist. LEXIS 50241 (E.D.N.Y. July 1, 2008)..........................................11

*SEC v. Dimensional Entertainment Corp.*,
   493 F. Supp. 1270 (S.D.N.Y. 1980).......................................................................14

*Shumway v. UPS*,
   118 F.3d 60 (2d Cir. 1997)......................................................................................18

*Simons-Koppel v. N.Y.C. Bd./Dep't of Educ.*,
   2011 N.Y. Misc. LEXIS 3905 (Sup. Ct. N.Y. County Aug. 5, 2011) ......................9

*Smith v. N.Y.C. Dep't of Educ.*,
   808 F. Supp. 2d 569 (S.D.N.Y. 2011)....................................................................12

**TABLE OF AUTHORITIES**
(CONTINUED)

Page(s)

*Sotomayor v. City of New York*,
    862 F. Supp. 2d 226 (E.D.N.Y. 2012), *aff'd*, 713 F.3d 163 (2d Cir. 2013)............................16

*Templeton v. Veteran's Admin.*,
    540 F. Supp. 695 (S.D.N.Y. 1982).....................................................................................8

*Tessler v. Paterson*,
    451 Fed. App'x 30 (2d Cir. 2011)......................................................................................5

*Thomson v. Odyssey House*,
    2015 U.S. Dist. LEXIS 125887 (E.D.N.Y. Sept. 21, 2015), *aff'd*, 652 Fed.
    App'x 44 (2d Cir. 2016)....................................................................................................16

*Trans World Airlines, Inc. v. Sinicropi*,
    887 F. Supp. 595 (S.D.N.Y. 1995), *aff'd*, 84 F.3d 116 (2d Cir. 1995), *cert.
    denied*, 519 U.S. 949 (1996) ............................................................................................6

*Tyson v. Town of Ramapo*,
    165 A.D.3d 805 (2d Dep't 2018) .......................................................................................8

*Union Pac. R.R. Co. v. Sheehan*,
    439 U.S. 89 (1978).............................................................................................................6

*United States v. 316 Units of Municipal Securities*,
    725 F. Supp. 172 (S.D.N.Y. 1989)..............................................................................14, 15

*United States v. Int'l Bhd. of Teamsters*,
    791 F. Supp. 421 (S.D.N.Y. 1992)....................................................................................9

*United States v. One Assortment of 89 Firearms*,
    465 U.S. 354 (1984)....................................................................................................14, 15

*Weber v. City of New York*,
    973 F. Supp. 2d 227 (E.D.N.Y. 2013) .........................................................................15, 17

*Weinreb v. Xerox Bus, Servs.*,
    323 F. Supp. 3d 501 (S.D.N.Y. 2018)..............................................................................18

*Williams v. Wellness Medical Care, P.C.*,
    2013 WL 5420985 (S.D.N.Y. Sept. 27, 2013)....................................................................4

*Yeiser v. GMAC Mortg. Corp.*,
    535 F. Supp. 2d 413 (S.D.N.Y. 2008)..............................................................................10

**TABLE OF AUTHORITIES**
(CONTINUED)

Page(s)

**Statutes**

Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* .................................................................5

Railway Labor Act, 45 U.S.C. § 153 ................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................1, 4

Defendant MTA Metro-North Railroad ("Metro-North" or "Defendant") submits this memorandum of law in support of its Fed. R. Civ. P. 12(b)(6) motion to dismiss the December 24, 2019 Complaint herein ("Cplt." or "Complaint"; Exhibit A to the March 16, 2020 Declaration of Eric D. Witkin ("Witkin Decl."), submitted herewith).

## PRELIMINARY STATEMENT

On January 5, 2017, following an internal disciplinary trial, Plaintiff Meldeisha McMillian ("Plaintiff") was terminated from her Metro-North employment.  The evidence at the trial established that Plaintiff had grabbed the groin of one of her co-workers and questioned the co-worker's gender identity in violation of Metro-North's policies.

Plaintiff's union, Transport Workers Union of America ("TWU" or the "Union") appealed the dismissal to Metro-North's Labor Relations Department, which denied the appeal.  Pursuant to its collective bargaining agreement with Metro-North, TWU requested the case be listed with the National Mediation Board and docketed for hearing before a Special Board of Adjustment (the "Board"), duly established by Defendant and the TWU pursuant to Section 3, Second of the Railway Labor Act ("RLA"), 45 U.S.C. § 153.

On February 8, 2019, the Board issued Special Board of Adjustment No. 935, Award No. 470 (the "Award") denying TWU's claim on Plaintiff's behalf.  The Award found that Metro-North "provided substantial and credible evidence in furtherance of establishing" Plaintiff's "guilt for the charged offense" and "that there was sufficient corroborating evidence to support that the [Plaintiff] engaged in the alleged behavior for which she was alleged to have committed."  (Witkin Decl. Exhibit B, pp. 3-4).

Notwithstanding the Award, Plaintiff's Complaint herein challenges her termination by attacking Metro-North's internal investigation, the evidence presented at the disciplinary trial and the Award, *inter alia,* because she was "acquitted" of separate criminal charges arising out of the

events for which Plaintiff's employment was terminated.  However, none of the avenues of attack asserted in the Complaint has any merit, and all of the causes of action should be dismissed.

First, the Complaint alleges no basis to challenge the Award, which is final and binding under the RLA and must be afforded appropriate deference where, as here, there are no allegations of fraud or corruption by the Board.  Plaintiff's fourth cause of action seeking a ruling that the Award was arbitrary and capricious and "against the weight of evidence" must fail because it disputes the Award's findings, which should be afforded collateral estoppel effect.

Second, the first and second causes of action must fail because Plaintiff is collaterally estopped from re-litigating her termination by characterizing it as a discrimination claim.  All of the underlying facts were heard and decided at the disciplinary trial and subsequently reviewed by the Board.  Having been afforded a full and fair opportunity to challenge her termination, Plaintiff should be precluded from doing so again here under the doctrine of collateral estoppel.

Third, Plaintiff's attempt to assert an affirmative claim of "collateral estoppel" (third cause of action) must fail.  Collateral estoppel is not a cause of action; it is a defense.  However, even if it could be asserted as a claim, Plaintiff's acquittal in a separate criminal proceeding has no bearing on the Board's ability to find against Plaintiff in the subsequent civil appeal, where Metro-North's burden of proof is much lower and where, unlike the criminal case (based on alleged statutory violations), the issue was whether Plaintiff had violated Metro-North's internal policies.

Fourth, putting aside the Award's findings that are binding here, the facts alleged in the Complaint fail to allege viable claims for sexual orientation discrimination (first cause of action) or discrimination based on Plaintiff's gender/sex (second cause of action). Plaintiff's discrimination claims consist only of conclusory assertions and legal conclusions.  Because Plaintiff fails to allege any facts connecting her protected status with any adverse action, those

claims cannot survive Defendant's motion to dismiss.

Because the Award controls here and should be given collateral estoppel effect, the Complaint should be dismissed.

<u>**SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS**</u>

Plaintiff was employed by Metro-North as a Car Inspector from 2010 until her employment was terminated on January 5, 2017 after an October 2016 incident with a co-worker. Witkin Decl. Ex. A, Cplt. ¶5. On October 11, 2016, Shine Williams ("Williams"), then a transgender male co-worker of Plaintiff, complained to Metro-North that Plaintiff had assaulted him on October 8, 2016 by grabbing his crotch and asking Williams about his gender identity. *Id.*, ¶¶7-8.

On October 12, 2016, Plaintiff was arrested by MTA police. *Id.*, ¶10. The next day, Plaintiff was charged with criminal counts of forcible touching and sexual abuse in the third degree, both misdemeanors. *Id.*, ¶38.

Based on Plaintiff's actions, Metro-North also filed disciplinary charges against Plaintiff for violating Metro-North's sexual harassment and workplace violence policies and for conduct unbecoming a Metro-North employee. *Id.*, ¶13. Pursuant to the Union contract, the disciplinary charges were heard during an administrative trial held on December 8, 2016 at which Plaintiff, Williams and other witnesses testified. ¶¶18, 20-25, 32. On January 5, 2017, Plaintiff was notified that the disciplinary charges had been sustained and that, as a result, her employment was being terminated. *Id.*, ¶33.

On January 6, 2017, the Union appealed Plaintiff's dismissal to Metro-North's Labor Relations Department, which denied the appeal on March 23, 2017. *Id.*, ¶¶34, 36. On March 29, 2017, the Union requested that the case be presented for a hearing before the Board, which took place on January 17, 2019. *Id.*, ¶37; Witkin Decl. Ex. B, p. 1. On February 8, 2019, the Board denied Plaintiff's claim and issued the Award. *Id.*, ¶42; Witkin Decl. Ex. B. The Award upheld

Plaintiff's termination, finding that it was based on credible evidence in the record establishing that Plaintiff committed the offenses that she was charged with. *Id.* Exhibit B, pp. 3-4.[1]

On December 24, 2019, Plaintiff filed the Complaint in this action in New York State Supreme Court, seeking to challenge her termination. Witkin Decl. Ex. A. On February 6, 2020, Defendant timely removed the action to this Court (Witkin Decl. ¶3) and now moves to dismiss the Complaint.

## ARGUMENT

### I.   MOTION TO DISMISS STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)), which requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. In other words, "without sufficient facts, even the most sincerely held beliefs [of discrimination] do not comprise a sufficient basis for withstanding a 12(b)(6) attack." *Williams v. Wellness Medical Care, P.C.,* No. 11–CV–5566, 2013 WL 5420985, at *6 (S.D.N.Y. Sept. 27, 2013). Merely reciting the elements of a cause of action and presenting conclusory statements in support of that cause of action does not meet the Rule 12(b)(6) standard. *See Twombly*, 550 U.S. at 557 (2007); *Cobb v. Atria Senior Living, Inc.,* No. 17-CV-00291, 2018 U.S. Dist. LEXIS 13725, at *7 (D. Conn. Jan. 29, 2018).

In reviewing a motion to dismiss under Rule 12(b)(6), the District Court may consider not only the facts alleged in the complaint, but also any exhibits attached thereto, and documents incorporated by reference in the complaint. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104,

---

[1] On July 13, 2017, the judge in the criminal trial found that Plaintiff was not guilty of the charges against her and therefore dismissed those charges. Cplt. ¶40.

111 (2d Cir. 2010). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Tessler v. Paterson*, 451 Fed. App'x 30, 32 (2d Cir. 2011) (citation and quotation marks omitted). Here, the Award (Witkin Decl. Ex. B) is discussed numerous times throughout the Complaint. Therefore, the Award is an integral part of the facts here and its terms should be considered in connection with the motion to dismiss.

As we next show, Plaintiff's claims are procedurally barred and fundamentally defective. As a result, the Complaint should be dismissed with prejudice in its entirety.

## II.   PLAINTIFF CANNOT ATTACK THE ADJUSTMENT BOARD AWARD THAT <u>REVIEWED AND UPHELD HER TERMINATION.</u>

Plaintiff has already challenged her discharge through her Adjustment Board appeal of Metro-North's decision to terminate her employment. That appeal followed an internal administrative disciplinary hearing. Witkin Decl. Ex. A, Cplt. ¶¶18, 33-37, 42. Because the Board's Award is final and binding, the Court cannot revisit this issue, and this Court should dismiss Plaintiff's Complaint, her second bite at the apple challenging her termination.

### A.   The Court's Review Of The Award Is Extremely Limited.

Adjustment board awards under the RLA, 45 U.S.C. §§ 151, *et seq.*, are "final and binding" and subject to limited judicial review under RLA § 3 First (q), 45 U.S.C. § 153 First (q). To show that the adjustment board exceeded its jurisdiction, the plaintiff must show that the award is "wholly baseless and completely without reason." *Gunther v. San Diego & Ariz. E. Ry. Co.,* 382 U.S. 257, 261 (1965). Under RLA § 3 First (q), "the findings and order . . . [of the Board] shall be conclusive," unless the plaintiff proves one of three limited grounds for review. Thus, a court can review an award only if the plaintiff establishes one of three grounds: (i) the board failed to comply with the RLA; (ii) it failed to confine its award to matters within its jurisdiction; or (iii) it

issued an award tainted by the fraud or corruption of a board member.  Here, none of the grounds required to challenge the Award is alleged. The Complaint does not allege that the Board failed to comply with the RLA, exceeded its jurisdiction, or that there was fraud or corruption.  Thus, the Complaint states no basis to challenge the Award.

The Supreme Court has "time and again emphasized that th[e] statutory language [of the RLA] means just what it says" and that judicial review in this area is "among the narrowest known to the law."  *Union Pac. R.R. Co. v. Sheehan,* 439 U.S. 89, 91, 93 (1978) (citations omitted); *CSX Transp., Inc. v. United Transp. Union*, 950 F.2d 872, 877 (2d Cir. 1991); *Myron v. Consol. Rail Corp.*, 752 F.2d 50, 52 (2d Cir. 1985); *Trans World Airlines, Inc. v. Sinicropi,* 887 F. Supp. 595, 611 (S.D.N.Y. 1995), *aff'd*, 84 F.3d 116 (2d Cir. 1995), *cert. denied*, 519 U.S. 949 (1996). This means that even if the District Court or the Court of Appeals believes the board committed "clear error," the court must nevertheless uphold the board's interpretation: "where fraud is not an issue, we ask only whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it."  *CSX Transp., Inc.,* 950 F.2d at 877 (quoting *Bhd. of Locomotive Eng'rs v. Atchison, Topeka, & Santa Fe Ry. Co.*, 768 F.2d 914, 921 (7th Cir. 1985) (internal quotation marks omitted)).  The Complaint here alleges no facts that would provide a basis to challenge the Award.  Therefore, the standard of review applicable to the Award requires that the Board's Award be upheld and this action be dismissed.

The issue of Plaintiff's violation of Metro-North's policies was fully addressed during the administrative disciplinary trial held on December 8, 2016.  Witkin Decl. Ex. A, Cplt. ¶18.  Plaintiff, Williams and other witnesses testified during that trial.  *Id.* ¶¶20-22, 24-25, 30, 32.  Plaintiff internally appealed Metro-North's decision to sustain the charges and terminate her employment.  *Id.* ¶¶33-35.  After Metro-North denied Plaintiff's appeal, Plaintiff's Union pursued

the matter by docketing the issue with the Special Board of Adjustment, which held a hearing on January 17, 2019.  *Id.* ¶¶33-37 and Witkin Decl. Ex. B., p. 1.

On February 8, 2019, the Board issued its Award denying the Union's claim for Plaintiff. Cplt. ¶42.  The Board first found that the dispute was properly referable to the Board pursuant to RLA § 3.  Witkin Decl. Ex. B, p. 1.  After reviewing the record evidence, the Board found that there was substantial evidence to support the allegations against Plaintiff.  *Id.,* p. 3.  Specifically, the Board found that there was sufficient evidence to conclude that Plaintiff had engaged in both physical and verbal harassment of Williams.  *Id.,* pp. 3-4.  The Board also found that Plaintiff's behavior was unacceptable and, based on the severity of the misconduct, that termination of her employment was warranted and the claim was therefore denied.  *Id.,* p. 4.  As the Board found:

> In today's work environment, it is undisputed that employees have an expectation that they will be able to work in an environment that is free from harassment, whether physical or verbal.  It is clear that the [Plaintiff's] proven conduct subjected Mr. Williams to both physical and verbal harassment of a sexual nature.  This type of behavior is unacceptable.  Accordingly, based on the severity of the [Plaintiff's] misconduct, the Board cannot find a basis upon which to overturn the [Defendant's] decision to terminate her employment.

*Id.*

The Complaint alleges no basis to challenge the Award.  First, as the Board recognized in the Award, it clearly had jurisdiction over this matter and thus acted within its powers.  Second, the Board complied with the procedures to resolve the dispute under the RLA.  Finally, Plaintiff has not alleged (and cannot allege) that there was any fraud or corruption by the Board members that affected the outcome.

Because Plaintiff cannot meet her substantial burden to overturn the Award under the standard set forth by the RLA, the Board acted within its delegated powers and Plaintiff's attempt to challenge that result through this collateral attack should be rejected.  Therefore, the Complaint and all of the claims asserted therein should be dismissed.

B.      **Plaintiff Cannot Satisfy The Arbitrary and Capricious Standard.**

In Plaintiff's fourth cause of action, she asserts that the Award is arbitrary and capricious. Witkin Decl. Ex. A, Cplt. ¶¶66-67.  However, that claim should be rejected because Plaintiff cannot establish that the Award is arbitrary and capricious.

In the Award, the Board noted that "it sits as a reviewing body and does not engage in making *de novo* findings . . . [and] must accept those findings made by the Carrier on the Property, including determinations of credibility, provided they bear a rational relationship to the record. Consistent with this task, the function of this Board is to carefully review the record to ascertain whether the Controlling Agreement [between Metro-North and the Union] has been complied with, that Appellant was afforded due process and that the action taken by the Carrier, in this case, the Carrier's decision to dismiss Appellant in all capacities, was not arbitrary, capricious or discriminatory."  Witkin Decl. Ex. B, p. 3.  The Board did exactly that. It stated: "Following our careful review of the record in this case, we find that substantial evidence exists in the record to support the Carrier's allegations" and that "we find that the Carrier provided substantial and credible evidence in furtherance of establishing the Appellant's guilt for the charged offense" (*id.*). The Board "finds that there was sufficient corroborating evidence to support that the Appellant engaged in the alleged behavior for which she was alleged to have committed by Mr. Williams" (*id.* p. 4).  Plaintiff alleges no facts to suggest that the Award was arbitrary and capricious.

The standard for challenging a determination by an administrative review board as arbitrary and capricious is particularly difficult.  *Templeton v. Veteran's Admin.,* 540 F. Supp. 695, 697-98 (S.D.N.Y. 1982) (granting defendant's motion to dismiss and noting that alleged mischaracterization of issues that lead to plaintiff's termination was insufficient to establish that the termination decision was arbitrary and capricious); *Tyson v. Town of Ramapo,* 165 A.D.3d 805,

8

806 (2d Dep't 2018); *Simons-Koppel v. N.Y.C. Bd./Dep't of Educ.*, No. 113333/10, 2011 N.Y. Misc. LEXIS 3905, at *23 (Sup. Ct. N.Y. County Aug. 5, 2011).

Here, no facts are alleged that could support a finding that the Board's actions were arbitrary and capricious.  Plaintiff attacks the Award by claiming that the internal Metro-North trial accepted hearsay testimony, that Plaintiff denied Williams' allegations, that two of the witnesses who testified at the trial did not observe Plaintiff touching Williams (but did observe Plaintiff making gestures towards Williams) and that Metro-North's investigator did not conduct a thorough investigation.  Witkin Decl. Ex. A, Cplt. ¶¶20-26, 29, 32.  Those allegations about the conduct of the trial do not support a claim that the Board's Award was arbitrary and capricious.

However, even accepting those allegations for the purposes of this motion, nothing alleged here suffices to state a claim that the Board acted in an arbitrary or capricious manner in reaching its conclusion.  *Doe v. United States Merch. Marine Academy,* 307 F. Supp. 3d 121, 126-27, 145-49, 154-57 (E.D.N.Y. 2018) (plaintiff could not show that the decision to suspend him from the Academy was arbitrary and capricious where there was sufficient evidence to find that plaintiff had committed a sexual assault in violation of the Academy's rules of conduct and plaintiff was afforded sufficient due process protections during the disciplinary hearing); *United States v. Int'l Bhd. of Teamsters,* 791 F. Supp. 421, 426 (S.D.N.Y. 1992) (court will not substitute its own credibility determinations for the administrator, noting that hearsay testimony is admissible in disciplinary proceedings); *Abreu v. N.Y.C. Dep't of Educ.*, 43 Misc. 3d 1215(A), 2014 N.Y. Misc. LEXIS 1808, at *5-6, 12-15 (Sup. Ct. N.Y. County Apr. 15, 2014) (granting motion to dismiss petition for failure to state a cause of action and rejecting, *inter alia*, employee's contention that employer failed to do a proper investigation resulted in a finding to terminate his employment that was arbitrary and capricious); *Offong v. N.Y.C. Dep't of Educ.*, No. 117032/08, 2010 N.Y. Misc. LEXIS 2344, at *27-30 (Sup. Ct. N.Y. County June 7, 2010) (dismissing petition seeking to vacate

board's decision and noting that credibility determinations of the hearing officer are given great weight and hearsay testimony is acceptable).

Because Plaintiff falls far short of meeting the standard of review applicable to challenging the Board's actions, her allegations that the Board acted in an arbitrary and capricious manner must be rejected and the Complaint dismissed.

## III.   THIS ACTION IS BARRED BY COLLATERAL ESTOPPEL.

In addition to the deference given to the Award under the RLA, the doctrine of collateral estoppel prevents Plaintiff from re-litigating this dispute involving Plaintiff's misconduct and her termination by purporting to plead it as a discrimination claim.  Because Plaintiff has already had a full and fair opportunity to litigate the conduct for which she was discharged, she should be precluded from doing so again here, regardless of what new legal theories she might now assert.[2]

Once an arbitration board has found based on the evidence presented at a hearing that an employee committed misconduct, the plaintiff cannot relitigate those facts in the guise of a subsequent discrimination claim hoping that a different tribunal will see the facts more favorably.  Rather, to avoid dismissal of Plaintiff's discrimination claim, she must come forward

---

[2] To determine whether an issue in a prior litigation was necessarily decided, "the focus [] [is] on the rights, questions or facts that underlie a judicial decision; it does not focus on the legal theories underlying the complaint or decision." *Beharry v. M.T.A. N.Y.C. Transit Auth.*, No. 96-CV-1203, 1999 U.S. Dist. LEXIS 3157, at *17, 1999 WL 151671 (E.D.N.Y. Mar. 17, 1999), quoted in *Coveal v. Consumer Home Mortgage, Inc.,* No. 04-CV-4755, 2005 U.S. Dist. LEXIS 25346, 2005 WL 2708388, at *5 (E.D.N.Y. Oct. 21, 2005). "New York requires only that the issue have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." *Beharry* quoted in *id.* (Internal quotation marks and citation omitted) (determining that all the facts giving rise to the amended complaint were presented in the foreclosure proceeding, though plaintiffs did not allege all of the same causes of action, therefore plaintiffs could not circumvent application of the collateral estoppel doctrine by recasting their claims as a federal civil rights violation).  *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 424-425 (S.D.N.Y. 2008).Therefore, subject to certain caveats not relevant here, once a certain set of facts has been determined in a proceeding, those facts cannot be challenged even when a subsequent proceeding attempts to apply a new legal theory to those facts.  *See Moccio v. NY State Office of Court Admin.,* 95 F.3d 195, 201 (2d Cir. 1996) (collateral estoppel barred plaintiff from raising in federal court action even those constitutional claims which he had not explicitly raised in his Article 78 state court proceedings). Accordingly, collateral estoppel may bar claims that have or could have been raised in a prior proceeding when the claims are based on underlying issues or facts that have been determined in that prior proceeding.

with evidence that the arbitrators were biased or that new evidence, not available to the arbitrators, compels the conclusion that she was the victim of discrimination.  She pleads no such facts.

The leading case in the Second Circuit is *Collins v. N.Y.C. Transit Auth*., 305 F.3d 113 (2d Cir. 2002), involving a Transit Authority employee who had been discharged for an alleged assault on a supervisor.  The employee's union challenged the termination in arbitration, denying that the assault had occurred.  The arbitration board, after a hearing at which the grievant was represented by the union, found that the employee had assaulted the supervisor and upheld the decision to terminate his employment.  In the employee's subsequent lawsuit, he claimed again that the assault had not occurred.  The Second Circuit affirmed the grant of summary judgment to the Transit Authority because there was no evidence that the decision was clearly wrong or that the proceeding lacked impartiality. *Collins*, 305 F.3d at 119.

Similarly, in *Halstead v. N.Y.C. Transit Auth.,* 78 Fed. App'x 750 (2d Cir. 2003), the Second Circuit rejected the contention that minor discrepancies in a witness' testimony warranted a departure from *Collins*.  As the "plaintiff has not offered 'strong evidence' that the arbitration board was wrong in finding him guilty of the menacing charges and terminating his employment," the Court found that the plaintiff had not made a *prima facie* case of discrimination or retaliation. *Halstead,* 78 Fed. App'x at 753. *See also Russell v. American Eagle Airlines, Inc*., 07-CV-4119, 2008 U.S. Dist. LEXIS 50241, at *8-13 (E.D.N.Y. July 1, 2008) (dismissing petition to vacate system board arbitration award; holding merits of the award are entitled to insulation from judicial scrutiny); *Metro-North Commuter R.R. Co. v. N.Y. State Exec. Dep't Div. of Hum. Rts.,* 271 A.D.2d 256, 257 (1st Dep't 2000) (because res judicata and collateral estoppel give conclusive effect to the quasi-judicial determinations of administrative agencies, it was error for the State Division of Human Rights to reject a finding by the Special Board of Adjustment that an

employee had assaulted his co-worker thus, "the only finding permitted on this record was that respondent's termination was in all respects appropriate").

The above authorities, including the rulings in *Collins* and *Halstead,* control this action and demonstrate that the Board Award's findings and conclusions should be respected here. Absent "strong evidence" that the hearing panel was itself biased or that there is significant new evidence that was not available to the panel, Plaintiff's discrimination claims must be rejected. Thus, the factual findings in the Award should govern here under the doctrine of collateral estoppel. *See Heelan v. Goord,* No. 05-CV-0507, 2006 WL 2335550, at *5 (N.D.N.Y. Aug 10, 2006) ("The arbitration proceeding constitutes a prior adjudication for purposes of collateral estoppel" when a former correctional officer had previously grieved an identical issue (his discipline) per the terms of his union's CBA); *Nachum v. Ezagui,* 83 A.D.3d 1017, 1018-1019 (2d Dep't 2011) (an arbitration determination is upheld when the party had "a full and fair opportunity to litigate those issues in connection with the prior arbitration"); *Ippolito v. TJC Dev., LLC,* 83 A.D.3d 57, 71-72 (2d Dep't 2011) ("[T]he doctrines of res judicata and collateral estoppel apply to arbitration awards with the same force and effect as they apply to judgments of a court") (internal citations omitted); *Cooks v. N.Y.C. Transit Auth.,* 289 A.D.2d 278, 279 (2d Dep't 2001) (plaintiff precluded by res judicata from re-litigating any matter litigated in the prior arbitration, including whether the misconduct actually occurred).

Plaintiff here attempts to re-litigate her termination by denying the allegations of wrongdoing and alleging that she was the victim of sexual orientation discrimination. However, as discussed in Points IV, V and VI *infra,* Plaintiff cannot invoke her sexual orientation or gender to manufacture a discrimination claim. The prior proceedings, from the disciplinary trial through the appeals process, resulted in the well-reasoned Award. Collateral estoppel dictates that those findings must be respected here. *See Smith v. N.Y.C. Dep't of Educ.,* 808 F. Supp. 2d 569, 580-81

(S.D.N.Y. 2011) ("because the hearing officers concluded that there existed just cause for the adverse employment actions, … [Plaintiff] cannot make out a prima facie case of discrimination nor can he put forth evidence of pretext."). As a result, the doctrine of collateral estoppel requires the dismissal of the Plaintiff's claims here.

## IV. PLAINTIFF'S THIRD CAUSE OF ACTION FOR "COLLATERAL ESTOPPEL" SHOULD BE DISMISSED.

The Complaint purports to assert a third cause of action for "Collateral Estopple" [sic]. Witkin Decl. Ex. A, Cplt. p. 11. This claim should be dismissed for two reasons. First, collateral estoppel is a defense, not a valid cause of action. Second, even if it were a claim (it is not), Plaintiff's argument, that her acquittal in the criminal proceeding estopped the Board from reaching a different result in the subsequent civil disciplinary appeal, is meritless.

### A. Plaintiff Cannot Assert a Cause of Action for Collateral Estoppel.

Plaintiff's attempt to use collateral estoppel to assert a cause of action against Defendant must be rejected. The doctrine of collateral estoppel forecloses a party from re-litigating an issue that has already been fully and fairly litigated and determined against them in a prior proceeding. *Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*, 270 Fed. App'x 52, 53 (2d Cir. 2008); *see also Guggenheim Capital, LLC v. Birnbaum,* 513 B.R. 788, 799-800 (Bankr. E.D.N.Y. 2014) (collateral estoppel bars repetitious suits involving the same cause of action).

Collateral estoppel is a defense, not a claim for relief. *Austin v. Fischer,* 453 Fed. App'x 80, 82 (2d Cir. 2011); *Cayuga Indian Nation v. Seneca Cty.,* 260 F. Supp. 3d 290, 302 (W.D.N.Y. 2017); *Lakah v. UBS, AG,* No. 07-CV-2799, 2014 U.S. Dist. LEXIS 154231, at *3 (S.D.N.Y. Oct. 30, 2014).

Here, Plaintiff argues that the criminal charges of which she was acquitted were based on "virtually the same" charges that Defendant asserted against her in the disciplinary proceedings. Witkin Decl. Ex. A, Cplt. ¶¶62-64. Because Plaintiff was acquitted in the criminal trial, she asserts

that such finding must be applied to the civil disciplinary proceedings. However, collateral estoppel is not a claim for relief. Thus, it is inappropriate for Plaintiff to use an equitable defense as an affirmative method to challenge Metro-North's or the Award's determinations against her.

Even if the Court were to allow Plaintiff to use an equitable doctrine in this manner, as we next show, the outcome of the criminal proceeding has no preclusive effect here as a matter of law.

**B.      Plaintiff's Acquittal of the Criminal Charges Is Irrelevant to the Civil Disciplinary Proceedings.**

Criminal cases requiring proof of unlawful conduct beyond a reasonable doubt are wholly distinct from civil cases, which are governed by the less stringent preponderance of the evidence standard. *See DiGeronimo v. Payne,* No. 01-CV-8386, 2002 U.S. Dist. LEXIS 10123, at *10 (S.D.N.Y. June 6, 2002) (claims in a subsequent civil suit "are subject to a burden of proof considerably less stringent than that which was imposed on the prosecutor in connection with the earlier criminal trial").

Because different burdens of proof apply in a criminal versus a civil trial, a criminal acquittal cannot be used to preclude a subsequent civil suit arising from the same facts. *See Dowling v. United States,* 493 U.S. 342, 349-50 (1989); *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 359-60 (1984). Thus, dismissal of criminal charges or the acquittal of the defendant will not be afforded collateral estoppel effect. *United States v. 316 Units of Municipal Securities,* 725 F. Supp. 172, 175-76 (S.D.N.Y. 1989); *SEC v. Dimensional Entertainment Corp.,* 493 F. Supp. 1270, 1277 (S.D.N.Y. 1980) ("It is equally well established that an acquittal in a criminal case does not bar a subsequent civil suit arising from the same events").

Plaintiff's argument for the application of collateral estoppel based on the July 2017 criminal proceedings acquittal is without merit. In the criminal proceedings, Plaintiff was charged under the New York Penal Law with forcible touching and sexual abuse in the third degree, both

misdemeanors with potential jail time.  Witkin Decl. Ex. A, Cplt. ¶38.  In the civil disciplinary proceedings, Plaintiff was charged with conduct unbecoming a Metro-North employee and violating Metro-North's internal policies including its prohibitions against sexual harassment and workplace violence.  *Id.*, ¶13.

On their face, the criminal charges and the civil charges are quite different.  Moreover, Plaintiff cannot use her acquittal of the criminal charges as a basis to claim preclusive effect for the conclusions subsequently reached in the civil disciplinary proceedings.  *See Dowling,* 493 U.S. at 349-50; *One Assortment of 89 Firearms,* 465 U.S. at 359-60; *316 Units of Municipal Securities,* 725 F. Supp. at 175-76.

Based on the well-settled law, it is clear that the Board was not required to give any effect to Plaintiff's acquittal of the criminal charges.  Thus, the Board was not collaterally estopped from reaching a conclusion different from the conclusion of the judge in the criminal proceedings.

## V.      THE DISCRIMINATION CLAIM BASED ON SEXUAL <u>ORIENTATION SHOULD BE DISMISSED.</u>

In the Complaint's first cause of action, Plaintiff claims she was subject to discrimination "because of her sexual orientation."  Witkin Decl. Ex. A, Cplt. ¶50.  However, this claim should be dismissed because the Complaint alleges no facts to provide the necessary support for this legal conclusion.

To state the discrimination claims Plaintiff has asserted under the New York City Human Rights Law ("NYCHRL"), she must allege sufficient facts to show that she was treated less well than other similarly situated employees because of her protected status.  She does not do so. *Boonmalert v. City of New York,* 721 Fed. App'x 29, 32-33 (2d Cir. 2018); *EEOC v. Bloomberg,* 967 F. Supp. 2d 816, 837 (S.D.N.Y. 2013); *Weber v. City of New York,* 973 F. Supp. 2d 227, 262-63 (E.D.N.Y. 2013); *see also Ramirez v. NYP Holdings, Inc.,* No. 18 CV 12058 (KPF), 2020 U.S.

Dist. LEXIS 15076 (S.D.N.Y. Jan. 28, 2020) (dismissing discrimination claims where the complaint did not allege enough facts to support an inference of discrimination based on plaintiff's race or national origin).  Although the standard of pleading and proof under the NYCHRL is less demanding than under Title VII of the Civil Rights Act of 1964 and other similar statutes, Plaintiff still must allege evidence from which discrimination can be inferred.  *Ben-Levy v. Bloomberg,* 518 Fed. App'x 17, 19-20 (2d Cir. 2013); *Lugo v. City of New York,* 518 Fed. App'x 28, 30 (2d Cir. 2013); *Sotomayor v. City of New York,* 862 F. Supp. 2d 226, 258 (E.D.N.Y. 2012), *aff'd*, 713 F.3d 163 (2d Cir.  2013). She does not do so.

Although the Complaint alleges that Plaintiff is a member of a protected class (heterosexual females) and that she suffered an adverse employment action (her termination), she alleges no facts to suggest that she was treated differently from similarly situated individuals based on her sexual orientation.  In the most conclusory terms, Plaintiff alleges that Metro-North's actions against her "were based upon Plaintiff's sexual orientation," (*e.g.*, a heterosexual female) that Metro-North "affirmatively prosecuted and terminated Plaintiff because of her sexual orientation" and that it "misused its rules" in order "to discriminate against Plaintiff."  Witkin Decl. Ex. A, Cplt. ¶¶16, 51.  But Plaintiff does not allege that anyone who did what she did was treated less harshly. Plaintiff also alleges that she "was treated differently than Williams based upon their different sexual orientation."  *Id*. ¶17.  However, nowhere in the Complaint does Plaintiff even allege Williams' sexual orientation.  Plaintiff alleges no facts to suggest that Williams was not also heterosexual like Plaintiff.  Nor does Plaintiff allege that Williams engaged in the same misconduct as Plaintiff but was treated less harshly.

In order for Plaintiff to state a *prima facie* discrimination claim, she must allege sufficient facts showing that she was treated less well because of her protected status.  *Thomson v. Odyssey House,* No. 14-CV-3857, 2015 U.S. Dist. LEXIS 125887, at *69-70 (E.D.N.Y. Sept. 21, 2015),

*aff'd*, 652 Fed. App'x 44 (2d Cir. 2016); *Weber v. City of New York,* 973 F. Supp. 2d 227, 262-63 (E.D.N.Y. 2013); *Idehen v. Teachers Coll. Columbia Univ.,* No. 652469/2013, 2014 N.Y. Misc. LEXIS 4962, at *10-11 (Sup. Ct. N.Y. County Oct. 28, 2014), *aff'd*, 140 A.D.3d 402 (1st Dep't 2016).   Thus even if Williams were alleged to be gay (and no such allegation appears in the Complaint), it would not be sufficient because there are no facts pleaded which allege any causal nexus between Plaintiff's protected status and the termination of her employment.   Plainly, the misconduct in which Plaintiff was found to have engaged (i.e., touching a coworker's groin and questioning the coworker's gender identity) would violate Metro-North's policies irrespective of her sexual orientation.

These allegations concerning the sexual orientation discrimination claim are nothing more than conclusory assertions and legal conclusions that are insufficient to survive Defendant's motion to dismiss.  *See e.g., Durden v. MTA,* No. 17-CV-05558, 2018 U.S. Dist. LEXIS 85039, at *26-28 (S.D.N.Y. May 18, 2018) (dismissing gender discrimination claims where the minimal facts alleged were insufficient to make the claims plausible); *Grenion v. Farmers Ins. Exchange,* No. 12-CV-3219, 2013 U.S. Dist. LEXIS 97785, at *7-8 (E.D.N.Y. July 12, 2013) (gender and race discrimination claims were dismissed where there were no facts connecting the adverse employment actions to the plaintiff's protected characteristics); *Calderon v. Conn. Dep't of Corr.*, No. 04-CV-1562, 2006 U.S. Dist. LEXIS 81303, at *5 (D. Conn. Sept. 1, 2006) ("'[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss' from being granted").

In addition to the foregoing pleading deficiencies, the Complaint does not contain any factual allegations such as discriminatory remarks by Metro-North supervisors about Plaintiff's sexual orientation or allegations of disparate treatment that can be plausibly attributed to Plaintiff's

status as a heterosexual female.  Witkin Decl. Ex. A, Cplt. ¶6.[3]

As Plaintiff's allegations are short on facts and long on legal conclusions, the Plaintiff's

claim based on her sexual orientation is without merit and should be dismissed.

## VI.   THE DISCRIMINATION CLAIM BASED ON GENDER/SEX SHOULD BE DISMISSED.

In the second cause of action, Plaintiff alleges that "[t]he aforesaid acts of defendants [sic]

constitute unlawful gender and sex discrimination against Plaintiff."  *Id.,* ¶58.[4]  However, as with

the sexual orientation discrimination claim, Plaintiff provides no facts tying Metro-North's actions

to any discrimination based on her sex or gender.

Once again, Plaintiff's conclusory allegations are insufficient to support her claims.  As a

result, the discrimination claims based on Plaintiff's gender or sex should be dismissed.  *Ninying*

*v. Fire Dep't,* No. 17-cv-00688, 2019 U.S. Dist. LEXIS 224811, at *6 (E.D.N.Y. Mar. 28, 2019)

(complaint was "utterly devoid of facts" that plaintiff was subject to discrimination based on his

gender or sex); *Weinreb v. Xerox Bus, Servs.,* 323 F. Supp. 3d 501, 509-10 (S.D.N.Y. 2018)

(granting motion to dismiss sex discrimination claims based on legal conclusions rather than

factual allegations).

As discussed in Point V *supra*, the Complaint does not provide any facts suggesting that

Plaintiff was treated differently because she is female.  Misconduct such as Plaintiff's would

violate Metro-North's policies irrespective of the perpetrator's gender.  There are no alleged

comments made regarding Plaintiff's sex or gender and Plaintiff has not alleged any facts showing

---

[3] Notably, even if Plaintiff had alleged that Williams is gay (and she has not done so) Plaintiff cannot establish that she was "treated differently than Williams based upon their different sexual orientation" (*Id.* ¶17) because Williams is not a proper comparator. *Shumway v. UPS*, 118 F.3d 60, 64 (2d Cir. 1997); *see* also *Davis v. Peake*, No. 11-4781, 2012 U.S. App. LEXIS 25448 (2d Cir. Dec. 13, 2012).  Williams is not alleged to have engaged in misconduct similar to Plaintiff so that a comparison could be made. *Jeunes v. Potter,* 382 Fed. App'x 2, 3-4 (2d Cir. 2010); *Ruiz v. County of Rockland,* 609 F.3d 486, 494-95 (2d Cir. 2010).  Indeed, Williams was the victim of Plaintiff's assault.

[4] Presumably, these unspecified acts relate to the decision to terminate Plaintiff's employment.

that a similarly situated male employee engaged in similar misconduct but was not terminated. Based on the absence of such allegations, Plaintiff has failed to set forth a viable sex discrimination claim.

**VII.**   <u>**CONCLUSION**</u>

For all of the foregoing reasons and upon all of the papers submitted in support of this motion, Defendant respectfully requests that the Court grant the motion to dismiss the Complaint in its entirety with prejudice, dismiss the Complaint and all causes of action asserted therein, and grant such other and further relief as the Court deems just and proper.

Date:   March 16, 2020
            New York, New York

/s/ *Eric D. Witkin*
Eric D. Witkin
Joseph E. Field
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600
*Attorneys for Defendant*