UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELDEISHA McMILLIAN,

                Plaintiff,

-against-

MTA METRO-NORTH RAILROAD,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2021

1:20-cv-01026 (MKV)

**OPINION AND
ORDER GRANTING
MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Meldeisha McMillian filed a complaint against Defendant MTA Metro-North Railroad ("Metro-North") alleging violations of her rights under the New York City Human Rights Law and other causes of action. Plaintiff claims that she was wrongfully terminated on the basis of her sex and sexual orientation after an encounter with a transgender male co-worker while they were working. Metro-North removed the case to this Court and filed a motion to dismiss the complaint. Plaintiff opposes the motion. For the reasons stated herein, the motion is GRANTED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    The facts as stated herein are drawn from Plaintiff's complaint and are assumed to be true for the purpose of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Plaintiff was employed by Metro-North as a train car inspector from 2010 until her termination in 2017. Cpl. ¶ 5.[1] Plaintiff avers that she is an African American heterosexual woman. Cpl. ¶ 6. Before she was terminated, in October 2016, Shine Williams, a Metro-North employee who identifies as a transgender male, filed a complaint with Metro-North alleging that

---

[1] As used herein, "Cpl. ¶ _" refers to paragraphs in Plaintiff's Complaint, filed as Exhibit A to Defendant's Notice of Removal [ECF No. 1].

Plaintiff "grabbed [Williams's] crotch area and asked him if it was big." Cpl. ¶ 7. When Plaintiff arrived at work the day after the complaint, she was told to report to her supervisor and was arrested by Metropolitan Transportation Authority ("MTA") police officers. Cpl. ¶ 10. Plaintiff was charged with forcible touching and sexual abuse in the third degree, in violation of New York Penal Law sections 130.52(1) and 130.55. Cpl. ¶ 38. Ultimately, Plaintiff was acquitted of the charges after a trial in July 2017. Cpl. ¶ 40.

Shortly after the complaint was filed, Plaintiff also was administratively charged by Metro-North for her alleged actions. Specifically, Metro-North sought to discipline Plaintiff for

> Conduct unbecoming a Metro North employee; violation of Metro North's policy against sexual harassment and equal opportunity policy (21 - 014 A and B); violation of Metro-North's workplace violence prevention policy (10 - 016); violation of general safety instruction 200.1. On October 8, 2016, you groped and touched another Metro-North employee, ask[ed] explicit questions about his genitalia and question[ed] [h]is gender identity.

Cpl. ¶ 13. Pursuant to the collective bargaining agreement between Plaintiff's union and Metro-North, an administrative trial was held on the charges in December 2016. Cpl. ¶ 16. At the administrative trial, in addition to the complainant and another employee ("Mr. Furr"), Metro-North only called one witness, "Ms. Cotto," an "EEO and Diversity Manager" at Metro-North who was responsible for an investigation of the charges against Plaintiff. Cpl. ¶¶ 20-24. Among other issues, Cotto testified that while witnesses did not observe Plaintiff touch Williams, the witnesses to the event "observed Plaintiff gesture and that Williams jumped back." Cpl. ¶ 26. At no point did Cotto interview Plaintiff about the events. Cpl. ¶ 28.

In January 2017, Metro-North informed Plaintiff that she had been found guilty in the administrative trial and that, as a result, her employment with Metro-North was terminated. Cpl. ¶ 33. Plaintiff's union appealed the determination to Metro-North's Labor Relations Department, which heard the appeal in February 2017. Cpl. ¶¶ 34-35. The appeal was denied in

March 2017.  Cpl. ¶ 36.  The union then appealed to the Special Board of Adjustment (the "Board") established by Metro-North and the union pursuant to 45 U.S.C. § 153.  Cpl. ¶ 37.  The Board heard the appeal in January 2019.  Cpl. ¶ 42.  While challenging the conduct of the administrative trial, Plaintiff also sought for the Board to consider her acquittal in the state criminal case as evidence that she did not commit the actions alleged.  Cpl. ¶ 43.  The Board denied Plaintiff's claim, concluding in part that it was unable to consider new evidence not first presented at the administrative trial.  Cpl. ¶ 43.  The end result of all of Plaintiff's appeals remains that she was dismissed from employment by Metro-North.

Thereafter, Plaintiff filed this action.  The complaint alleges four causes of action.  The first two causes of action allege sex and sexual orientation discrimination under the New York City Human Rights Law ("NYCHRL") based on her status as a "heterosexual woman."  *See* Cpl. ¶¶ 49-59.  The complaint also purports to allege a claim for "collateral estopple [sic]," seeking to have the Board decision reversed on the ground that she was acquitted of the criminal charges.  Cpl. ¶ 60-64.  Finally, Plaintiff asserts that the Board decision was arbitrary and capricious insofar as it refused to consider new evidence, was against the weight of the evidence, and was subject to collateral estoppel from the criminal action.  Cpl. ¶ 65-68.  In connection with her claims, Plaintiff does not allege any previous incidents of sex or sexual orientation discrimination at work, does not recite any comments made to her about her sex or sexual orientation, and does not attempt to point to any similarly situated heterosexual woman who performed their job similarly and were not terminated.

The case originally was filed in New York Supreme Court, New York County, but was removed to this Court on the basis of federal question jurisdiction.  Subject matter jurisdiction is appropriate because Plaintiff's claims for review and reversal of the Board decision arise under

federal law. *See* 45 U.S.C. § 153 First (q). Defendant now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiff's complaint for failure to state a claim.

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a sufficiently pleaded complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, alterations, and citations omitted); *see also Iqbal*, 556 U.S. at 678 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (citing *Twombly*, 550 U.S. at 555)).

## **DISCUSSION**

Defendant's motion to dismiss primarily casts Plaintiff's complaint as an improper collateral attack on Metro-North's disciplinary procedures and as an attempt to relitigate issues decided therein. *See* Def. Br. at 5-13.[2] Defendant also argues that Plaintiff is barred from relitigating issues decided in the disciplinary process, *see* Def. Br. at 13-15, and then argues that

---

[2] As used herein, citations to "Def. Br." refer to Defendant's Memorandum of Law in Support of the Motion to Dismiss [ECF No. 12], "Opp." refers to Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss [ECF No. 16], and "Reply" refers to Defendant's Reply Memorandum of Law in Further Support of the Motion to Dismiss [ECF No. 17].

Plaintiff's NYCHRL claims should be dismissed for failure to plead facts sufficient to plausibly allege her claim. *See* Def. Br. at 15-19. While certain of these arguments are without merit or are foreclosed by precedent, for the reasons that follow, Plaintiff's complaint nonetheless is dismissed.

A.  *The Impact of the Adjustment Board Decision on This Case*

As an initial matter, Defendant argues that Plaintiff's claims are in whole or part barred by the decision of the Board denying Plaintiff's claim, either through a preemption theory or by the effect of collateral estoppel. *See* Def. Br. at 5-15. On the other hand, Plaintiff invites the Court to review wholesale the decision of the Board under the classic "arbitrary and capricious" standard, and to reverse any Board determinations that are inconsistent with her claim of discrimination. *See* Cpl. ¶¶ 65-68. Neither position is correct, although the Board decision does have significant effect on this case.[3]

The Railway Labor Act provides an administrative review and arbitration procedure for so-called "minor disputes" that arise in connection with employment of railway workers like Plaintiff. *Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 563 (1987). "Minor disputes" are "disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions." 45 U.S.C. § 153 First (i); *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252-53 (1994). These are distinct from "major disputes" such as those

---

[3] Plaintiff does not respond in her opposition to Defendant's arguments about her claim for review of the Board's decision. As noted in this opinion, *see infra* at 6-7, that claim clearly is precluded by the Court's limited review of Board decisions. However, as an alternative basis for dismissal of the claim, Plaintiff's failure to address Defendant's arguments in her opposition means that the claim is waived. *See McGee v. McGready*, No. 16-cv-4187 (NSR), 2019 WL 6341290, at *3 n. 4 (S.D.N.Y. Nov. 26, 2019) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claim. (collecting cases)). However, because the Board decision is also central to Plaintiff's discrimination claim and Defendant's defenses thereto, the Court explains why Plaintiff's objections to the Board decision are not reviewable here in any event.

"concerning rates of pay, rules, or working conditions," which are subject to a different resolution procedure.  45 U.S.C. § 151a; *Hawaiian Airlines*, 512 U.S. at 252.

"Minor disputes initially must be dealt with through a railroad's internal dispute resolution processes, and if not settled there, may be submitted to a division of the [National Railroad] Adjustment Board . . . ."  *Buell*, 480 U.S. at 563.  Special adjustment boards, like the one at issue here established by Metro-North and its employees' union, have the same authority as the National Board, and the Court reviews the special board's decision under the same standard.  *See* 45 U.S.C. § 153 Second.  In particular, while the Railway Labor Act provides for judicial review of adjustment board decisions, a court may only overturn the decision in three limited circumstances: (1) failure of the adjustment board to comply with the requirements of the Railway Labor Act; (2) failure of the adjustment board to conform, or confine, itself to matters within the scope of its jurisdiction; and (3) fraud or corruption.  45 U.S.C. § 153 First (q).  The Supreme Court has "time and again emphasized" that a court's review of an adjustment board decision is "among the narrowest known to the law."  *Union Pac. R. Co. v. Sheehan*, 439 U.S. 89, 93 (1978); *Buell*, 480 U.S. at 563.

Plaintiff here does not argue that the Board decision falls into any of the three narrow categories the Court may review and instead seeks for the Court to conduct wholesale "arbitrary and capricious" review of the decision.  Because that is inconsistent with the clear language of the statute and binding precedent, Plaintiff's claim seeking such review is dismissed.  *Cf. Russell v. American Eagle Airlines, Inc.*, No. 07 Civ. 4119(NG), 2008 WL 2600856, *3 (E.D.N.Y. July 1, 2008) ("[An adjustment board] decision cannot be set aside even if 'the court disagrees with the result or rationale, because the reasoning was vague or ambiguous, *because the decision was arbitrary and capricious*, or because the decision was not supported by substantial evidence.'"

6

(emphasis added) (quoting *Trans World Airlines, Inc. v. Sinicropi*, 887 F. Supp. 595, 612 (S.D.N.Y.1995))). Moreover, Plaintiff's "collateral estoppel" cause of action is dismissed for the same reasons—it seeks reversal of the Board decision on a ground not permitted by the statute.[4] Cpl. ¶¶ 60-64.

However, contrary to Defendants' arguments, the Board decision does not on its own preempt or preclude Plaintiff's NYCHRL claims or even operate to collaterally estop Plaintiff from relitigating issues at this stage. *Collins v. New York City Transit Authority*, 305 F.3d 113, 119 (2d Cir. 2002) ("[A] negative arbitration decision rendered under a CBA does not preclude a Title VII action by a discharged employee." (citation omitted)). The Second Circuit has held that at the summary judgment stage, absent "strong evidence that the decision was wrong as a matter of fact . . . or that the impartiality of the proceeding was somehow compromised," "a decision by an independent tribunal . . . will attenuate a plaintiff's proof of the requisite causal link" between her termination and any discriminatory motive. *Id.* However, courts have uniformly refused to apply *Collins* at the pleading stage to dismiss a plaintiff's claims. *See, e.g.*, *McNamara v. City of Long Beach*, 249 F. Supp. 3d 684, 689 (E.D.N.Y. 2017) ("[The *Collins* Rule] is inapplicable here as that case was decided at the summary judgment stage."); *Sternkopf v. White Plains Hospital*, No. 14–CV–4076 (CS), 2015 WL 5692183, n. 3 (S.D.N.Y. Sept. 25, 2015) (noting that *Collins* involved consideration of arbitration award at summary judgment stage, and that it was inapplicable on motion to dismiss); *Beaton v. Metro. Trans. Auth. N.Y. City Transit*, No. 15 Civ. 8056 (ER), 2016 WL 3387301, at *4 (S.D.N.Y. June 15, 2016) ("[Defendant] provides no persuasive authority for the proposition that fact-finding from an arbitration decision should be

---

[4] The claims independently must be dismissed because collateral estoppel is a defense and not itself a claim for relief. *See, e.g.*, *Austin v. Fischer*, 453 F. App'x. 80, 82 (2d Cir. 2011) ("Issue preclusion, or collateral estoppel, is an affirmative defense . . . ."). In addition, Plaintiff also does not address this claim in her opposition, and, as a result, it is also deemed waived. *See McGee*, 2019 WL 6341290, at *3 n. 4

given preclusive effect in the context of a motion to dismiss."). Were this case to proceed to discovery and summary judgment, Defendant could raise the Board decision as deciding certain facts and issues, but the Court will not give it preclusive effect at this stage.

### B. *Plaintiff's NYCHRL Claims are Dismissed for Failure to Plead Sufficient Facts to Support an Inference of Discrimination*

While Plaintiff's NYCHRL claims are not precluded by the Board decision regarding her termination, they nonetheless fail to state a claim because she has failed to plead any facts which permit the Court to infer a discriminatory reason for her termination.

Claims brought under the NYCHRL "are analyzed under the same standard as Title VII, § 1983, and [New York State Human Rights Law] disparate treatment claims." *Gordon v. City of New York*, No. 14-cv-06115 (JPO), 2015 WL 3473500, at *11 (S.D.N.Y. June 2, 2015). However, compared to federal and state analogues, the NYCHRL is "reviewed 'independently from and more liberally than' federal or state discrimination claims." *Ben-Levy v. Bloomberg, L.P.*, 518 Fed. App'x 17, 19-20 (2d Cir. 2013) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)). The elements of a NYCHRL claim also differ from a federal Title VII employment discrimination claim in that NYCHRL claims need not allege an adverse employment action, but instead only that the plaintiff was "treated 'less well'—because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreaux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (citation omitted). However, the NYCHRL "still requires a showing of some evidence from which discrimination can be inferred," and a plaintiff cannot rely on conclusory allegations of discrimination. *Ben-Levy*, 518 Fed. App'x at 19-20; *Carter v. Verizon*, No. 13 Civ. 7579 (KPF), 2015 WL 247344, at *5 (S.D.N.Y. Jan. 20, 2015) (dismissing a NYCHRL claim because the complaint made "only conclusory allegations and d[id] not provide any indication of how any alleged adverse or dispreferential employment action was connected to [the] [p]laintiff's

gender or age"). In other words, a plaintiff asserting an NYCHRL violation still must allege facts sufficient to raise a plausible inference that any "less well" treatment was "because of a discriminatory intent." *Mihalik*, 715 F.3d at 110.

Plaintiff's complaint, however, provides only conclusory allegations of sex and sexual orientation discrimination. There is not a single paragraph in the complaint stating any action or event that can lead the Court to infer any discriminatory motive by any person involved in Plaintiff's termination. Indeed, the Plaintiff states in a conclusory fashion that "Defendant's actions in terminating Plaintiff and refusal to reinstate her even after a Court acquitted her of these charges were in retaliation for her opposition to Defendant's unlawful employment practices and her claims of sexual discrimination." Cpl. ¶ 46. She does not explain what actions constituted her "opposition to Defendant's unlawful employment practices" or any facts which link her termination to unlawful discrimination.

The closest Plaintiff comes to identifying any specific maltreatment are her allegations about procedure at the administrative trial and subsequent appeals. *See, e.g.*, Cpl. ¶ 43 ("[T]he Board denied Plaintiff's claim contending that they are not allowed to consider Plaintiff being exonerated in a real trial, but could only base its decision upon the Metro-North "trial" even though the transcript itself revealed that the hearing was a sham, and plaintiff was not permitted to call witnesses or question defendant's witnesses in detail, the witnesses were not sworn in under oath and penalties of perjury, and the only witnesses that supported Mr. Williams contentions were hearsay witnesses and that the only eye witness to testify besides Plaintiff testified that Plaintiff did not touch Williams as he claimed."). However, Plaintiff does not allege a single fact that links these procedures and their use in her case to her sex or sexual orientation. Instead, Plaintiff appears to "rely on the fallacy that because she belongs to a

9

protected class, it is plausible that anything negative that happened to her at work was because of her membership in that class." *Watkins v. First Student, Inc.*, No. 17-CV-1519 (CS), 2018 WL 1135480, at *15 (S.D.N.Y. Feb. 28, 2018) (collecting cases). This is not sufficient to "nudge [her] claims across the line from conceivable to plausible to proceed," even under the more liberal standard afforded by the NYCHRL. *Carter*, 2015 WL 247344, at *5 (quoting *EEOC v. Port Authority of N.Y & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014)).

Plaintiff opposes dismissal of her NYCHRL claims with less than a single page of her opposition, arguing that her conclusory allegations are sufficient because "in a motion brought pursuant to Rule 12(b), [] the pleadings are deemed to be true." Opp. at 13. While that may be correct as a general matter as far as the statement of law goes, the law is clear that conclusory allegations, especially "legal conclusion[s] couched as a factual allegation," are not assumed to be true. *Twombly*, 550 U.S. at 555; *Relevent Sports, LLC v. Fed'n Internationale de Football Ass'n*, No. 19-CV-8359 (VEC), 2021 WL 3077550, at *1 n.1 (S.D.N.Y. July 20, 2021) ("Plaintiff's well-pled factual allegations are taken as true. Conclusory allegations unsupported by facts are not accepted as true."). Plaintiff's allegations that she was terminated because of her sex or sexual orientation, untethered from any factual support, are quintessential conclusory allegations and legal conclusions masquerading as facts. As such, they do not change the outcome here. Because Plaintiff failed to allege any facts that allow the Court to infer a discriminatory motivation for her termination, the NYCHRL claims are dismissed.

## C.   *Leave to Amend is Denied*

In a single paragraph at the end of her opposition, Plaintiff requests leave to amend her complaint. Plaintiff does not attempt to explain what facts she could add in any amended complaint or how her amendment would cure the defects identified here. Even where Plaintiff has not previously amended her complaint, courts may deny leave where such details are not

provided. *See, e.g.*, *24 Seven, LLC v. Martinez*, No. 19-CV-7320 (VSB), 2021 WL 276654, at *12 (S.D.N.Y. Jan. 26, 2021) ("As Plaintiff has provided no insight into the nature of the proposed amendments despite having ample opportunity to do so in its opposition papers, granting Plaintiff an opportunity to amend the complaint at this juncture would be unduly prejudicial to Defendants."). Because Plaintiff has not provided any detail about what she might include in an amended complaint, and because she has so thoroughly failed to allege sufficient facts in her first complaint, leave to amend is denied at this time. However, this ruling is without prejudice to Plaintiff timely filing a motion to amend, attaching any proposed amended complaint, and briefing how any proposed amendments would not be futile and might withstand a motion to dismiss.

## CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss Plaintiff's complaint is GRANTED. While the denial of Plaintiff's claim by the Adjustment Board does not preclude her discrimination claims or bar litigation of any fact at this stage, Plaintiff has wholly failed to plead facts sufficient to plausibly allege any discrimination took place. The only allegations to which Plaintiff points are conclusory—legal conclusions that are not taken as true for the purposes of this motion. Plaintiff's other claims related to the Adjustment Board's decision also fail, as they are precluded by binding law.

The Clerk of Court respectfully is requested to close the motion at ECF No. 11 and to close the case.

**SO ORDERED.**

Date: **September 20, 2021**
New York, NY

_____
MARY KAY VYSKOCIL
United States District Judge